Comp

FILED
SUPERIOR COURT
OF GUAM

2013 MAY -3 PM 4: 22

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>JOSE CASTRO SAN NICOLAS,<br><br>Deceased. | PROBATE CASE NO. PR 0013-03<br><br>**DECISION AND ORDER**<br>**AND**<br>**ANSWER TO STATEMENT OF**<br>**OBJECTION** |
| --- | --- |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 17th day of April, 2013, on review of the Heirs of Isabel S.N. Eclavea's ("Heirs'") Statement of Objection pursuant to 7 GCA § 6107, regarding the Judge's qualification to rule on this matter. Attorney Delia Lujan Wolff of Lujan Aguigui & Perez LLP represented the Heirs. The Court now issues the following Decision and Order on the matter, and concurrently files its Answer to the Heirs' Statement of Objection.

## I. DECISION & ORDER STRIKING THE HEIRS' STATEMENT OF OBJECTION

A challenged judge may strike a statement of objection without referring the matter to a disqualification judge if the statement fails, on its face, to allege any of the grounds for disqualification found in Title 7 GCA § 6105. *See People v. Johnny*, 2006 Guam 10 at ¶ 20. "If...the petition is legally insufficient or formally defective, the judge can properly strike or

disregard the statement of objection without referring it to another judge." *Van Dox v. Superior Court*, 2008 Guam 7 ¶ 25. 7 GCA § 6105(a) provides, in relevant part, that "[a]ny judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned[.]"

The question for this Court at this juncture, as defined by *Van Dox*, 2008 Guam 7 ¶ 32, is whether a reasonable person who knows all the facts and understands the context of the issue would, in light of the allegations in the Heirs' Statement of Objection, question Judge Barcinas's impartiality. This objective standard "is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person. Because some people see goblins behind every tree, a subjective approach would approximate automatic disqualification." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).[1]

The factual allegations in the Heirs' Statement of Objection are essentially that Jessica L. Toft, Esq., counsel for the Administrator in this matter, was Judge Barcinas's law clerk from 2005 to 2013, that Judge Barcinas flew to the mainland to attend and officiate Attorney Toft's wedding, and that Attorney Toft and Judge Barcinas have a "close" professional and personal relationship. The Heirs do not allege that Attorney Toft worked on this matter as a law clerk or even had any exposure to this case, which lied dormant between January 10, 2007 and July 9, 2012. Rather, the Heirs rely on legally insufficient speculation and innuendo, *see U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993), to bridge the gap between their allegations and any valid grounds for disqualification.

The Court concludes that the facts alleged by the Heirs, stripped of legally irrelevant inferences and unsupported conclusions, would not cause a reasonable person with an

---

[1] Because Guam's disqualification statute mirrors the federal disqualification statute, federal disqualification case law is useful in interpreting the Guam statute. *Ada v. Guttierez*, 2000 Guam 22 ¶ 12 n.2.

appropriate understanding of the objectively determinable circumstances to question Judge Barcinas's impartiality in this matter. Thus, the Heirs' Statement of Objection fails on its face to assert grounds for disqualification, and is legally insufficient. Accordingly, the Heirs' Statement of Objection is hereby stricken.

**IT IS SO ORDERED** this _____ day of May, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

## II. VERIFIED ANSWER TO THE HEIRS' STATEMENT OF OBJECTION

### A. Procedural Posture

Though the Court intends to dispose of this issue with its Decision & Order above, the Court must ensure that it complies with the requirements of 7 GCA § 6107 in the event that Supreme Court of Guam reverses the Decision & Order on appeal. Out of an abundance of caution, and in the spirit of judicial transparency, the Court presently files this Answer to the Heirs' Statement of Objection. The Court notes specifically that the effective filing of this answer is not suspended or conditioned upon the outcome of any proceedings on appeal. The Court also notes that, with the Heirs' Statement of Objection having been stricken, this filing will not result in this matter being assigned to a disqualification judge for disqualification proceedings. The Court's filing of this Answer should not be construed as any manner of waiver or admission with respect to the status of the Heirs' Statement of Objection, which is stricken.

## B. Response to the Heirs' Allegations

The Court admits that Jessica L. Toft, Esq., counsel for the Administrator in this matter, was formerly employed as Judge Barcinas's law clerk from 2006 to 2013.

The Court admits that, as a gesture of personal and professional courtesy to Attorney Toft, Judge Barcinas flew to the mainland to attend and officiate Attorney Toft's wedding.

The Court admits that Attorney Toft and Judge Barcinas had a "close professional relationship" during Attorney Toft's employment as a law clerk, of the kind that any judge and law clerk would inevitably develop over the course of seven years of a law clerk's employment and exemplary service.

Only to the extent that Judge Barcinas continues to hold Attorney Toft in the same high professional esteem in which he holds the many competent practicing attorneys of the Guam bar with whose work product he has become familiar during his time on the bench, the Court admits that Judge Barcinas and Attorney Toft continue to have a "close professional relationship;" to the extent that this vague and nebulous allegation reaches further, the Court denies it.

Only to the extent that Judge Barcinas, during Attorney Toft's employment as his law clerk, developed a positive impression of Attorney Toft's personal qualities, including her integrity, sense of humor, and kindness, and continues to view Attorney Toft in the same positive and amicable light in which he views the many affable attorneys of the Guam bar with whose personalities he has become familiar during his time on the bench, the Court admits that Judge Barcinas and Attorney Toft have a "close personal relationship;" to the extent that this vague and nebulous allegation reaches further, the Court denies it.

The Court denies that any of these facts are grounds for disqualification.

## C. Additional Material Fact

The Court sets forth the following additional fact material to the question of Judge Barcinas's disqualification: at no point during Attorney Toft's employment as Judge Barcinas's law clerk did she participate in any way in the Court's evaluation of this case, perform any work on this case whatsoever, discuss this case with Judge Barcinas at all, or gain any knowledge of Judge Barcinas's inclinations regarding this case.

## D. Analysis

The Heirs cite *Ghee v Artuz*, 285 F.Supp.2d 328, 329 (E.D.N.Y. 2003), which makes reference to a number of local practice rules promulgated by various federal courts regarding the appearance of former law clerks as attorneys before the judges for whom they clerked. These rules do not constitute binding authority on the Superior Court of Guam, which has adopted no such rules of its own. The *Ghee* court in fact cited with approval the decision of the Eighth Circuit in *Patzner v. Burkett*, 779 F.2d 1363 (8th Cir.1985), which, while suggesting that judges seriously consider recusal in situations where recent former law clerks appear before them, ultimately declined to establish a "bright line" rule and left the issue of disqualification to the sound discretion of the individual judge.

The Heirs do not cite, and the Court cannot find, any case law that stands for the proposition that the appearance of a former law clerk before a judge, in and of itself, creates an appearance of impropriety sufficient to necessitate the disqualification of the judge. On the contrary, as stated by Judge Murguia, prior to her elevation to the Ninth Circuit, in *Morgal v. Maricopa Board of Supervisors*, No. CV 07-0670-PHX-MHM, 2009 U.S. Dist. LEXIS 57063, at *3 (D. Ariz. Jun. 18, 2009):

> [C]ase law reflects that courts routinely permit their former law clerks to practice in front of them, provided that the law clerk has no intimate knowledge of the judge's

inclinations regarding the case. *See, e.g., Ghee v. Artuz*, 285 F.Supp.2d 328, 329-30 (E.D.N.Y. 2003) (denying motion to disqualify Court's former law clerk who had completed a clerkship "more than a year" earlier); *Sprauve v. Mastromonico*, 86 F.Supp.2d 519, 530 n.36 (D.V.I. 1999) (explaining that former law clerk's appearance before judge as counsel in case "can give no basis for impropriety"); *Smith v. Pepsico, Inc.*, 434 F.Supp. 524, 526 (S.D. Fla. 1977) (explaining that the law clerk relationship was not alone reason for the court to recuse itself); 8 Fed. Proc., L. Ed. § 20:80 (explaining that "[t]he mere fact that a party in a particular case is represented by an attorney who was formerly a law clerk for the judge hearing the case generally does not require the disqualification of the judge").

*See also Chyba v. TXU Energy*, No. 12-CV-0837 BEN (NLS) (S.D. Cal. Feb. 6, 2013) (denying recusal and stating plainly that "[j]udges are not prohibited from hearing cases in which a former law clerk is involved.").

This case came up for sua sponte dismissal for lack of prosecution on July 6, 2012 as part of a routine docket control measure implemented by the Court, in which Attorney Toft was not involved. Prior to that, the case came to court's attention for routine status hearings on January 10, 2007, and September 21, 2006, during which routine continuances were granted, and in which Attorney Toft was not involved. Attorney Toft never worked on this case in any capacity as a law clerk, and has no knowledge of Judge Barcinas's inclinations regarding it.

The Court remains confident in its ability to administer justice fairly and impartially in this case. Disqualification is not appropriate.

## E. Conclusion

For the foregoing reasons, the Court respectfully requests that the Heirs' Statement of Objection and request for disqualification be rejected, that disqualification be denied, and that this case be remanded to the Court for further proceedings.

Respectfully submitted this 3rd day of May, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

## DECLARATION OF VERIFICATION

Pursuant to *Van Dox*, 2008 Guam 7, ¶¶12 and 24, holding that an order striking an objection to competency may not alternatively be considered as an answer unless verified in the manner specified by 6 GCA § 4308, the Honorable Arthur R. Barcinas hereby declares, under penalty of perjury, with respect to any and all allegations of fact or statements of fact, that the foregoing is true and correct. No verification is made concerning any conclusions of law.

**SO DECLARED**, this 3rd day of May, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that this foregoing ... clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAY 03 2013

Carl P. Perez
Deputy Clerk, Superior Court of Guam